## Young and others *v.* Spalding.

### (*Circuit Court,* N. D. *Illinois.* May 26, 1885.)

CUSTOMS DUTIES—SPECTACLE LENSES OF BRAZIL OR SCOTCH PEBBLE, WITH ROUGH EDGES, DUTY ON.

    Spectacle lenses manufactured from Brazil or Scotch pebbles, imported with rough or unfinished edges, and commercially known as "pebbles for spectacles, rough," are free goods.

At Law.

*Percy L. Shuman* and *Jo. H. Defrees, Jr.,* for plaintiffs.

*Chester M. Dawes,* Asst. U. S. Atty., for defendant.

BLODGETT, J., *(orally.)* The plaintiffs imported a quantity of spectacle lenses with raw, or unfinished, edges. They were classed "as a manufacture of glass, or of which glass is the component material of chief value, not otherwise specially enumerated or provided for," and a duty of 45 per cent. *ad valorem* was assessed against them. Heyl, pt. 2, p. 7, cl. 143. The plaintiff contended that these goods should be admitted under the free-list as "Brazil pebbles for spectacles, and pebbles for spectacles rough." Heyl, pt. 2, p. 38, cl. 665. The proof shows that the goods in question are made by sawing the Brazil or Scotch crystals into slabs or plates, from which they are finished in flat, concave, or convex surfaces, for the purpose of being used as spectacle lenses; but the edges are left unfinished, so that they may be fitted to the size or shape of the bows or rims in which they are

to be worn. They are known to the trade as "pebbles for spectacles rough;" although the proof also shows that upon an order for pebbles for spectacles, whether the word "rough" is used or not, goods like these would be sent. Upon the question of fact, the proof is so clear that these goods are what are commercially known as "Brazil pebbles," or pebbles for spectacles, that I can have no doubt they come strictly and readily within the designation of this class of goods in the free-list. They were, therefore, improperly classed as "manufactures of glass," and made dutiable at 45 per cent. *ad valorem.* The plaintiff is entitled to recover the duties paid under protest in this case.